IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-867

Filed 5 November 2025

Cleveland County, Nos. 19CR000611-220, 19CR000612-220, 19CR000613-220

STATE OF NORTH CAROLINA

v.

JEFFREY SCOTT COOK

Appeal by Defendant from judgments entered 18 December 2023 by Judge Sarah E. Kirby-Turner in Cleveland County Superior Court. Heard in the Court of Appeals 28 August 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Hunter E. Fritz, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt Orsbon, for Defendant-Appellant.*

COLLINS, Judge.

This appeal arises out of a criminal prosecution for embezzlement of more than $100,000, in violation of N.C. Gen. Stat. § 14-90. Defendant Jeffrey Scott Cook argues that the trial court committed prejudicial error by omitting certain language from the jury instructions. Because Defendant failed to preserve his argument for appellate review, we dismiss his appeal.

## I. Background

In 2007, Defendant and David Self started a furniture construction and selling

business named Sugar Hill Custom Upholstery, LLC ("Sugar Hill"). The pair were equal owners and managers of the company and informally divided their labor such that Defendant managed the business' finances. Later, Jarrod Dubesko joined the company as a one-third co-owner.

The trio opened a credit card account with Chase Bank in Self's name, as Dubesko and Defendant lacked good credit. Each of the co-owners received their own Chase credit card and agreed that the cards would only be used for gas and supplies and would be paid in full each month.

Despite the business' growth, Defendant adamantly refused to hire an accountant; avoided or postponed meetings to review finances; and when meetings did occur, Defendant only reviewed Sugar Hill's bank account balance – not its complete financial records.

In mid-2016, Self was unexpectedly called by Citibank and American Express regarding credit cards for Sugar Hill's use that were applied for or opened in Self's name with his personal information. Self discovered that Defendant had used Self's information, without Self's knowledge or authorization, to apply for these accounts and approximately ten to twelve other credit cards. Among these was an American Express credit card for Sugar Hill with a delinquent balance of roughly $25,000. This outstanding balance was a surprise to Self and a violation of Sugar Hill's policy of paying its sole Chase credit card account balance in full each month.

In January 2017, Self asked Brandi Miller, an accountant, to review Sugar

Hill's financial records to see if she could "identify any problems." Miller identified numerous red flags in Sugar Hill's financial records, including roughly $2 million in unpaid payroll taxes and nearly $206,000 in transactions conducted through Sugar Hill's accounts and the American Express credit card that appeared personal or unrelated to legitimate business expenses. Neither Self nor Dubesko authorized or knew about these transactions.

Miller reviewed the transactions with Defendant, Self, and Dubesko. Defendant admitted that the flagged transactions were payments for his own personal expenses using Sugar Hill's funds but claimed he made the payments to compensate for often not receiving a paycheck.

These facts prompted Defendant's 15 April 2019 indictment for embezzlement of property (based on the nearly $206,000 in suspicious transactions), malfeasance of corporation officers and agents, and identity theft. This matter came on for jury trial on 11 December 2023 jury trial.

During the charge conference on a Friday, the trial court stated its intent to use North Carolina Pattern Jury Instruction Crim. 218.15A for the embezzlement charge. The State requested the embezzlement instruction be tailored so that the second element – the described property – referred to "money belonging to Sugar Hill Custom Upholstery, LLC" as alleged in the indictment. The trial court agreed.

At the end of the charge conference, during which multiple instructions were proposed and modified, the trial court announced, "I will work on those. And once I

have them written, obviously cleaned up with all the brackets removed, I will . . . email those to both of you because I will, in my discretion, be sending back a copy."

Before the trial resumed the following Monday, the trial court emailed to counsel for both parties all the jury instructions the trial court agreed to give. The second element of the emailed embezzlement instruction did not include the State's requested language regarding Sugar Hill Custom Upholstery, LLC.

At no point did Defendant object to the emailed embezzlement instruction. Outside of the presence of the jury, the trial court asked the parties if the emailed jury instructions "needed to be corrected." Defendant acknowledged receipt of the emailed instructions and raised no objections.

During the jury charge, the trial court read the emailed instructions to the jury. Defendant did not object to any part of the instructions, including the embezzlement instruction, either during the jury charge or later, outside of the presence of the jury, when asked by the trial court for any additions or corrections.

Later that day, the jury found Defendant guilty of all three charges, and the trial court sentenced Defendant accordingly. Defendant gave oral notice of appeal.

## II. Discussion

On appeal, Defendant solely contests the jury instruction for the embezzlement charge. Defendant argues that the trial court committed prejudicial error by failing to give the State's requested embezzlement instruction.

Defendant has failed to preserve this issue for appellate review.

To preserve an omission from the jury charge for appellate review, a party must "object[] thereto before the jury retires to consider its verdict . . . provided that opportunity was given to the party to make the objection out of the hearing of the jury . . . ." N.C. R. App. P. 10(a)(2). Nonetheless, a party's "request for an instruction at the charge conference is sufficient compliance with the rule to warrant our full review on appeal where the requested instruction is subsequently *promised but not given*, notwithstanding any failure to bring the error to the trial judge's attention . . . ." *State v. Ross*, 322 N.C. 261, 265 (1988) (emphasis added).

Here, the instruction the trial court ultimately agreed to give was not the instruction the State requested at the charge conference but was, instead, the instruction emailed to the parties. At the charge conference on Friday, the State requested the pattern instruction on embezzlement be tailored in a certain way. At that point, the trial court agreed to do so but told the parties it would "work on" the instructions and email them to the parties. The trial court specifically indicated, "I will, in my discretion, be sending back a copy."

On Monday, before the trial resumed, the trial court emailed the parties the instructions the trial court agreed to give. The embezzlement instruction differed from the State's requested instruction. Defendant did not bring the difference to the trial court's attention or object in any way. The embezzlement instruction given was identical to the emailed instruction. Defendant again failed to object. "Both parties were given draft copies of the proposed jury instructions which contained the

language that defendant now argues was improper." *State v. Gillard*, 386 N.C. 797, 847 (2024). Because Defendant failed to timely object to the instruction he now challenges, Defendant's challenge to the given instruction is not preserved for our review.

Defendant relies on three cases to support his argument that the State's requested embezzlement instruction was preserved: *State v. Keel*, 333 N.C. 52 (1992); *State v. Barrow*, 216 N.C. App. 436 (2011); and *State v. Castaneda*, 196 N.C. App. 109 (2009). Those cases are distinguishable because, unlike here, the requested instruction in each of those cases was promised but not given.

In *Keel*, the trial court promised to give pattern jury instructions requested by the State and not objected to by the defendant. 333 N.C. at 56-57. But the trial court gave the jury a modified version of the pattern instructions, pulling language from the pattern jury instructions of a separate criminal offense. *Id.* The defendant's challenge was preserved for appeal, despite his failure to object, because the trial court promised but did not provide requested pattern instructions. *Id.* This Court applied *Keel* to *Barrow* and *Castaneda*, and we similarly found that jury instructions were preserved for appeal where the trial court's given instruction deviated from its promised instruction. *Barrow*, 216 N.C. App. at 445; *Castaneda*, 196 N.C. App. at 115-16.

Here, unlike in those cases, the trial court emailed the parties the instructions it agreed to give. The trial court gave the embezzlement instruction to the jury

exactly as written in the emailed instructions. Accordingly, the embezzlement instruction was not preserved under *Keel*. *See Gillard*, 386 N.C. at 847 (finding *Keel* inapplicable where the trial court gave the parties copies of the jury instructions it promised to – and later did – provide to the jury).

Defendant argues, in the alternative, that his challenge to the embezzlement instruction is preserved because the emailed instruction was a "deviation from the instruction[] the court promised to give" and the trial court's email did not "indicat[e] it had walked back its decision to" use the State's requested instruction. Defendant cites no legal support for this assertion, and we can find none.

Furthermore, Defendant has failed to timely assert plain error. "In criminal cases, an issue that was not preserved . . . may be made the basis of an issue presented on appeal when . . . specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4). This issue must be "presented and discussed in a party's brief" or it will be "deemed abandoned." N.C. R. App. P. 28(a). If the issue is omitted in the party's principal brief, it is abandoned and cannot be revived via their reply brief. *McLean v. Spaulding*, 273 N.C. App. 434, 441 (2020).

Defendant discusses plain error in his reply brief but omitted it in his principal brief. Defendant has therefore waived a plain error review of his appeal.

### III. Conclusion

Because Defendant failed to preserve for appeal his challenge to the jury instruction and failed to timely assert plain error, we dismiss his appeal.

DISMISSED.

Judges ARROWOOD and FREEMAN concur.